LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department,*
*Linda Theobald, Prokopios Ziros, and Gustavo Rios*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN EDWARD O'NEAL, an individual; and KATHLEEN ROBINSON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; LINDA THEOBALD, an individual; PROKOPIOS ZIROS, an individual; GUSTAVO RIOS, an individual; CLARK COUNTY, a County existing under the laws of the State of Nevada; NAPHCARE, INC., an Alabama corporation; and DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive; and POE MEDICAL PERSONNEL 1 through 25, inclusive; <br><br> Defendants. | Case No.: 2:17-cv-02765-APG-EJY <br><br> **STIPULATION TO EXTEND DISCOVERY** <br><br> (Eighth Request) |

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of January 27, 2020, be continued for a period of forty-five (45) days up to and including **March 13, 2020**, for the purpose of allowing Plaintiffs to respond to outstanding written discovery, take the depositions of parties, and disclose expert witnesses.

## DISCOVERY COMPLETED TO DATE

Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, LINDA THEOBALD, PROKOPIOS ZIROS, and GUSTAVO RIOS ("LVMPD Defendants"); NAPHCARE, INC. ("NaphCare"); and Plaintiffs, BRYAN O'NEAL AND KATHLEEN ROBISON ("Plaintiffs") have provided their initial Rule 26(f) Disclosures. LVMPD Defendants have also provided their first supplemental disclosures to the parties.

Both Defendants CLARK COUNTY and NaphCare have served written discovery on Plaintiffs. Plaintiff, Kathleen Robinson still has not responded to NaphCare's Interrogatories and Requests for Production of Documents. The LVMPD Defendants served their initial written discovery requests (Interrogatories, Requests for Production of Documents and Requests for Admissions) on each of the Plaintiffs. Plaintiffs provided responses to the Interrogatories and Requests for Admissions only. LVMPD Defendants and NaphCare served various third-party Subpoenas. LVMPD Defendants re-served the Requests for Production of Documents following the appearance of Plaintiffs' new Counsel and those responses have not yet been received.[1] The depositions of Plaintiffs and a third-party witness were scheduled to be taken in September 2019, however, the depositions had to be vacated due to calendar conflicts. The depositions of Plaintiffs had been re-scheduled to October 2019 and November 2019. However, on the eve of Plaintiff Kathleen Robinson's deposition, Counsel was informed that she would not be able to appear for her deposition. The deposition was re-scheduled to November 7, 2019; however, it had to be re-set again to November 18, 2019 because Defendants had not yet received her discovery responses. Although the depositions were rescheduled, the parties need to re-schedule them to December 2019 as they still have not received the discovery responses.

/ / /

---

[1] Plaintiffs' were to provide the responses by November 5, 2019 but they have not been received as of the date of this Request.

## DISCOVERY YET TO BE COMPLETED

Plaintiffs will respond to the outstanding discovery responses no later than November 29, 2019. The depositions of Plaintiff Kathleen Robinson will be taken on December 9, 2019 and the deposition of Plaintiff Bryan O'Neal will be taken on December 20, 2019. Additional written discovery and depositions may be taken. The parties will disclose expert and any necessary rebuttal expert reports.

## REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties have been diligent in completing discovery in this matter. However, as this Court may recall, Plaintiffs' prior attorney became very ill and Plaintiffs had to retain alternate Counsel. As a result, the first six (6) requested extension of discovery were due to this issue alone. Discovery was at a standstill for that entire period of time. Plaintiffs did retain new Counsel and that Counsel has been working to provide the outstanding discovery responses to LVMPD Defendants and NaphCare and the parties have been working to coordinate the depositions of Plaintiffs and a third-party. The parties need a brief extension to accomplish these tasks and coordinate the calendars of all Counsel and the parties.

LVMPD Defendants and NaphCare cannot efficiently conduct the depositions of Plaintiffs until the responses to written discovery are received. In addition, the Defendants' experts have stated that it will be necessary to review all discovery responses and deposition transcripts to prepare their reports. As such, the parties are asking for one more brief extension so that this discovery can be completed prior to the expert disclosure deadline.

## PROPOSED EXTENDED DEADLINES

Accordingly, it is hereby stipulated and respectfully requested that this Court enter an order as follows:

/ / /

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

**(A) Discovery Deadline.**

That the current discovery cut-off date of January 27, 2020, be extended for a period of thirty (30) days, up to and including **March 13, 2020**.

**(B) Experts and Rebuttal Experts.**

The parties, and each of them, shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, or by **January 13, 2020**. The parties, and each of them, shall disclose rebuttal experts at least thirty (30) days after the initial date for disclosure of experts, or by **February 12, 2020**.

**(C) Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, or by **April 13, 2020**.

**(D) Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served thirty (30) days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E) Pretrial Order.**

Pursuant to LR 26(1)(e)(5) the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, or by **May 13, 2020**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F)  Interim Status Report.**

In accordance with LR 26-3, not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial giving three (3) alternative available trial dates, and stating whether in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. The status report shall be signed by counsel for each party or the party, if appearing in *pro se*. The parties shall file the interim status report by **January 13, 2020**.

**(G)  Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)  A statement specifying the discovery completed;

(b)  A specific description of the discovery that remains to be completed;

(c)  The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)  A proposed scheduled for completing all discovery.

The parties recognize that this request is not being made within twenty-one (21) days of the current expert disclosure deadline, December 2, 2019 pursuant to LR 26-4; however the parties submit that good cause and excusable neglect exists.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

LR 26-4 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

As set out above and in the prior requests to extend discovery, this case was at a standstill for some time because Plaintiffs' Counsel became ill. Indeed this is the eighth request to extend discovery and the first six requests were due to that reason alone. Since Plaintiffs have obtained new Counsel, the parties have been diligent in trying to finishing discovery. Unfortunately, there has been some delay in obtaining outstanding discovery responses, and also with Counsel and the parties coordinating dates for depositions.

The parties had intended to take the first deposition on November 7, 2019; however, LVMPD Defendants and Naphcare had not received the discovery responses and so it was necessary to re-schedule the deposition. This request is barely short of the twenty-one (21) days but is being made as soon as the parties realized that additional time in advance of the expert disclosure deadline is needed.

This request for an extension is made in good faith, jointly by the parties hereto, to allow Plaintiffs to respond to outstanding written discovery; to allow the parties to take the depositions; and to allow the parties to provide experts with the information needed and disclose expert and

rebuttal expert reports. This request is not timely, however it is the result of excusable neglect as articulated above. Trial is not yet set in this matter dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be prejudiced. The extension will allow the parties the necessary time to prosecute this case.

DATED this 15th day of November, 2019.

| KAEMPFER CROWELL | MCCOY LAW GROUP, LTD. |
|---|---|
| By: */s/ Lyssa S. Anderson*<br>LYSSA S. ANDERSON (#5781)<br>RYAN W. DANIELS (#13094)<br>1980 Festival Plaza Dr., Ste. 650<br>Las Vegas, Nevada 89135 | By: */s/ Brandon W. McCoy*<br>BRANDON W. MCCOY (#10402)<br>625 S. 8th Street, 2nd Floor<br>Las Vegas, Nevada 89101 |
| ***Attorneys for Defendants Las Vegas Metropolitan Police Department, Linda Theobald, Prokopios Ziros, and Gustavo Rios*** | ***Attorney for Plaintiffs*** |

LEWIS BRISBOIS BISGAARD & SMITH

By: */s/ Jeffrey H. Ballin*
S. BRENT VOGEL (#6858)
JEFFREY H. BALLIN (#12752)
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, NV 89118

***Attorneys for NaphCare, Inc.***

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: November 18, 2019

2457904_1  6943.145