UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRYAN EDWARD O'NEAL, an individual;
and KATHLEEN ROBINSON, an individual,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, a political subdivision of the
State of Nevada; LINDA THEOBALD, an
individual; PROKOPIOS ZIROS, an
individual; GUSTAVO RIOS, an individual;
CLARK COUNTY, a County existing under
the laws of the State of Nevada; Naphcare, Inc.,
an Alabama Corporation; and DOES through 1
through 25, inclusive; and POE MEDICAL
PERSONNEL 1 through 25, inclusive;

Defendants.

Case No. 2:17-cv-02765-APG-EJY

**ORDER**

Before the Court is Defendants Clark County and Naphcare, Inc.'s Motion for Case-Terminating Sanctions Under F.R.C.P. 37 and for Monetary Sanctions (ECF No. 68).[1] The Court has considered the Motion and Defendants Linda Theobald, Prokopios Ziros, Gustavo Rios, and Las Vegas Metropolitan Police Department's Joinder to the Motion (ECF No. 73).[2] No response to the Motion or Joinder was filed.

**BACKGROUND**

Plaintiffs filed their Complaint on November 2, 2017 alleging constitutional and state law claims arising from Plaintiff Bryan O'Neal's ("O'Neal") arrest, forfeiture of property, and incarceration at Clark County Detention Center ("CCDC"). ECF No. 1. While incarcerated, O'Neal

---

[1]     Naphcare, Inc. and Clark County are referred to herein as the "Naphcare Defendants."
[2]     Defendants Linda Theobald, Prokopios Ziros, Gustavo Rios, and Las Vegas Metropolitan Police Department are referred to herein as "LVMPD."  The Naphcare Defendants together with LVMPD are referred to collectively as "Defendants."

1    claims he injured his shoulder getting off his top bunk bed using an unsafe metal ladder.  *Id*. at 10.

2    O'Neal allegedly sought treatment, but was supposedly refused care by CCDC and Naphcare.  *Id*. at

3    10.

4          Defendants filed Motions to Dismiss Plaintiffs' Complaint (ECF Nos. 7, 9, and 15) the results

5    of which eliminated all state law claims asserted against the Naphcare Defendants, but allowed some

6    state law claims against LVMPD and Section 1983 claims against the Naphcare Defendants to

7    proceed.  ECF No. 31.  Defendants then engaged in discovery ultimately extending the discovery

8    period eight times.  ECF Nos. 28, 30, 36, 38, 42, 44, 54 55, 57.  Upon granting a motion to withdraw

9    as Plaintiffs' counsel, the Court denied a ninth stipulation to extend discovery deadlines, but reset

10   deadlines after giving Plaintiffs reasonable time to obtain new counsel.  ECF No. 63.

11         During the extended discovery period: (1) LVMPD noticed, vacated, and rescheduled

12   O'Neal's deposition six times and Plaintiff Kathleen Robinson's ("Robinson") deposition eight

13   times (ECF No. 68-4); (2) O'Neal screamed profanities at a process server who came to his residence

14   to serve a deposition notice on his mother-in-law Leslie Robinson, ripped service documents to

15   shreds, and followed the process server to her car (ECF Nos. 68-5); (3) Plaintiffs engaged in verbal

16   abuse calling Defense Counsel numerous profane names after they mistakenly arrived for a vacated

17   deposition (ECF No. 68 at 4; 73 at 8); (4) Plaintiffs interfered with the deposition of Leslie Robinson

18   by attempting to represent her as counsel and, when challenged, calling Defense Counsel

19   "[p]edophiles and crooks," and then telephoning Mrs. Robinson instructing her not to answer any

20   more questions (ECF No. 68-11); and (5) Plaintiffs failed to respond to the Naphcare Defendants'

21   Requests for Admissions, and LVMPD's second set of Requests for Admissions propounded on

22   O'Neal and the first set of Requests for Admissions served on Robinson.  ECF Nos. 68 at 14, 73 at

23   8-9.  Plaintiffs also failed to supplement grossly deficient discovery responses to LVMPD's

24   discovery requests despite being advised of the deficiencies.  ECF No. 73-19.

25                                    **DISCUSSION**

26   **I.      A Meet and Confer with Plaintiffs would be Futile**.

27         Rule 37(d)(1)(B) requires a motion for sanctions include a certification that the movant "has

28   in good faith conferred or attempted to confer" with the non-movant before seeking "court action."

1  Fed. R. Civ. P. 37(d)(1)(B).   United Stated District Court for the District of Nevada Local Rule

2  ("Local Rule") define "meet and confer" as direct communication and discussion in good faith of

3  the relevant issues under the particular rule or order.   Specifically, "[d]iscovery motions will not be

4  considered unless the movant (1) makes a good-faith effort to meet and confer. . . before filing the

5  motion; and (2) includes a declaration setting forth the details and results of the meet-and-confer

6  conference about each disputed discovery request."   Local Rule 26-7(c).   Although a good faith

7  attempt to meet and confer is required before a motion for sanctions will be considered, futility is

8  recognized as an exception to the meet and confer requirement.  *Gayler v. High Desert State Prison*,

9  No. 2:17-CV-02429-JAD-EJY, 2020 U.S. Dist. LEXIS 40055, at \*2 (D. Nev. Mar. 9, 2020);

10  *Eruchalu v. U.S. Bank*, No. 2:12-cv-1264-RFB-VCF, 2014 U.S. Dist. LEXIS 127974, at \*8 (D. Nev.

11  Sep. 12, 2014) (plaintiff's failure to meet and confer excused because defendant's failure to comply

12  with discovery rendered a meet and confer futile).

13  Here, Defendants demonstrate that efforts to meet and confer with Plaintiffs would have been

14  futile.  Defendants sent multiple notices of Plaintiffs' depositions that were ignored; Plaintiffs' failed

15  to respond to Defendants' Requests for Admissions; Plaintiffs have engaged in verbally abusive

16  conduct when confronted with discovery processes; and, Plaintiffs have not responded to

17  Defendants' instant Motion or Joinder.  Based on these uncontested facts, there is no doubt that had

18  Defendants attempted to meet and confer with Plaintiffs such attempts would have been futile.

19  **II.      Plaintiffs' Willfulness and Outrageous Conduct Warrants Sanctions**.

20  Fed. R. Civ. P. 37 generally governs sanctions for discovery abuses.  The sanctions available

21  under Rule 37(d) applies to a party's failure to attend his/her deposition or respond to interrogatories

22  or document requests.   Incorporated into the sanctions enumerated in Rule 37(d) are all of the

23  sanctions listed in Rule 37(b)(2)(A)(i)-(vi).   Rule 37(b)(2)(A)(i)-(vi) allows the Court to issue,

24  among other sanctions, an order designating facts as established in favor of the prevailing party;

25  "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

26  from introducing" evidence; "striking pleadings in whole or in part"; or dismissing a "proceeding in

27  whole or part."   The Naphcare "Defendants specifically request the sanction set forth in Rule

28

1    37(b)(2)(A)(v)—dismissing the action or proceeding in whole or in part." ECF No. 68 at 9.  LVMPD

2    joins in this request.  ECF No. 73 at 11.

3           The Ninth Circuit uses a five factor test to determine if case terminating sanctions are

4    appropriate under Rule 37(b)(2)(A)(v). *Connecticut General Life Ins. Co. v. New Images of Beverly*

5    *Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted). These five factors include:

6    "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage

7    its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

8    disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (citing

9    *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir.2003) (quoting *Malone v. U.S. Postal Serv.,* 833

10   F.2d 128, 130 (9th Cir.1987)).  The fifth factor has three subparts including: "whether the court has

11   considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about

12   the possibility of case-dispositive sanctions." *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.

13   3d 1051, 1057 (9th Cir. 1998).   Dismissal is appropriate "where at least four factors support

14   dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648

15   F.3d 779, 788, (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

16   Moreover, in order for the Court to order dismissal as a sanction, the party's violations of a court's

17   orders must be willful or in bad faith.  *Id*. (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585,

18   589 (9th Cir. 1983)).

19          The first three factors considered by the Court strongly support sanctions.  There is no doubt

20   that Plaintiffs' actions have substantially delayed and interfered with the expeditious resolution of

21   this case as well as the Court's ability to manage its docket.  Plaintiffs' conduct, detailed above, has

22   also caused prejudice to Defendants through repeated delays, abusive behavior, and non-

23   responsiveness.  Plaintiffs' willfulness and bad faith is demonstrated through repeated failures to

24   appear for depositions (ECF Nos. 68-4, 68-10; 73-4, 73-7, 73-20, 73-22, 73-23), failure to respond

25   to Defendants' Requests for Admissions as required under Fed. R. Civ. P. 36 (ECF Nos. 68 at 14,

26   73 at 9), interference with service of process (ECF No. 68-5, 73-16) and interference with the

27   deposition of Leslie Robinson (ECF No. 68-11).  The strength of evidence regarding these factors

28   warrants dismissal.  Moreover, while the Court understands that disposing the case at this stage of

1   the proceedings will deprive the parties of a final disposition on the merits, this finding does not

2   militate against sanctions. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d

3   1217, 1228 (9th Cir. 2006) (internal citations omitted).

4          Defendants properly contend that when determining whether sanctions are warranted, the

5   Court must take into consideration the history of discovery in the litigation.  *Link v. Wabash R.R.*

6   *Co.*, 370 U.S. 626, 634 (1962) ("the District Court in this case relied on all the circumstances that

7   were brought to its attention, including the earlier delays").  The Court has considered the history of

8   Plaintiffs' discovery abuses, but also considers that it has not issued any prior sanctions or warnings

9   to Plaintiffs in this case.  Specifically, the Court has issued no warning to Plaintiffs that case

10  dispositive sanctions may be ordered if Plaintiffs fail to respond to or otherwise participate in

11  discovery.  For this reason, the Court finds that, before case dispositive sanctions are properly issued,

12  the Court must consider less drastic sanctions.

13  **III.    Defendants' Requests for Admissions are Deemed Admitted**.

14         Plaintiffs failed to respond to the Naphcare Defendants' Requests for Admissions served on

15  February 11, 2020, as well as LVMPD's second set of Requests for Admissions to O'Neal and first

16  set of Requests for Admissions to Robinson served on February 5, 2020.  ECF Nos. 68 at 14; 73 at

17  9.  Fed. R. Civ. P. 36(a)(3) states that a matter is deemed admitted "unless, within 30 days after being

18  served, the party to whom the request is directed serves on the requesting party a written answer or

19  objection addressed to the matter and signed by the party or its attorney."  Once admitted, the matter

20  "is conclusively established unless the court, on motion, permits the admission to be withdrawn or

21  amended."  Fed. R. Civ. P. 36(b).

22         Here, Plaintiffs had substantial opportunity to respond to the Requests for Admissions, but

23  failed to do so.  Thus, the Court finds deeming all of the Naphcare Defendants Requests for

24  Admissions and all of LVMPD's second set of Requests for Admissions propounded on O'Neal and

25  first set of Requests for Admissions propounded on Robinson "Admitted" is appropriate sanction in

26  this case.  While this is a "severe sanction," Plaintiffs' repeated egregious conduct, discussed above,

27  supports the Court's finding.  *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1247 (9th

28  Cir. 1981).

**IV.     Monetary Sanctions are Awarded**.

Defendants have clearly incurred substantial fees and costs bringing their motions for sanctions. Fed. R. Civ. P. 37(c) includes among the wide range of sanctions available the addition of an award of reasonable attorney's fees and costs. In fact, "[t]he district court has great latitude in imposing sanctions under [Rule 37]." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985). "Courts need not tolerate flagrant abuses of the discovery process." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). Given the Plaintiffs' documented, flagrant discovery abuses in this case, an award of fees and costs to Defendants is appropriate.

**V.     The Court Issues an Order to Show Cause Why Case Terminating Sanctions Should not be Granted**.

The Naphcare Defendants correctly state that case terminating sanctions are properly granted when the Court finds willfulness, fault or bad faith; however, such a sanction is generally ordered only after the Court has considered the availability of less severe sanctions. *R&R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (internal citations omitted). There is little doubt that Plaintiffs' conduct was willful and clearly within their control. *Tom v. S.B. Inc.*, 280 F.R.D. 603, 610 (D. N.M. 2012) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987); *Jorgensen*, 320 F.3d at 912. Taking into consideration the history of the discovery abuses engaged in by Plaintiffs, the Court finds it appropriate to provide Plaintiffs one opportunity to show cause why case terminating sanctions, requested by Defendants, should not be granted. This one time opportunity gives Plaintiffs the potential ability to prevent dismissal of their Complaint based on their egregious conduct and failure to engage in any discovery in good faith.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Defendants Naphcare, Inc. and Clark County's Motion for Case-Terminating Sanctions Under Fed. R. Civ. P. 37 and for Monetary Sanctions (ECF No. 68) is GRANTED in part and DENIED in part.

1    IT IS FURTHER ORDERED that Defendants Linda Theobald, Prokopios Ziros, Gustavo

2  Rios, and Las Vegas Metropolitan Police Department's Joinder to the Defendants Naphcare and

3  Clark County's Motion (ECF No. 73) is GRANTED in part and DENIED in part.

4    IT IS FURTHER ORDERED that Defendants Naphcare, Inc. and Clark County's Requests

5  for Admissions served on O'Neal, LVMPD's second set of Requests for Admissions served on

6  O'Neal, and first set of Requests for Admissions served on Robinson are deemed admitted.

7    IT IS FURTHER ORDERED that Defendants Naphcare, Inc. and Clark County, as well as

8  Defendants Linda Theobald, Prokopios Ziros, Gustavo Rios, and Las Vegas Metropolitan Police

9  Department, are awarded reasonable attorney's fees and costs for bringing their respective Motion

10  for Sanctions and Joinder to the Motion for Sanctions.

11    IT IS FURTHER ORDERED that Defendants' counsel shall submit a memorandum of fees

12  and costs incurred in Motion for Case Terminating Sanctions and for Monetary Sanctions (ECF No.

13  68) and Joinder thereto (ECF No. 73) detailing the activities, hours spent (in tenths of hours), and

14  the rate charged by each attorney who worked on the Motion and Joinder.  Appropriate redactions

15  from billing records for attorney client privilege and/or work product may be made for the public

16  filing with non-redacted copies of such records filed under seal.

17    IT IS FURTHER ORDERED that Plaintiffs are Ordered to Show Cause why Defendants

18  Naphcare, Inc., Clark County, Linda Theobald, Prokopios Ziros, Gustavo Rios, and Las Vegas

19  Metropolitan Police Department are not entitled to the case terminating sanction of dismissal of

20  Plaintiffs' Complaint no later **August 31, 2020**.  Failure to timely respond to this Order to Show

21  Cause shall result in a recommendation to the District Judge that this case be dismissed.

22    DATED:  August 10, 2020

23

24    _____

25    ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE

26

27

28

7