UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN EDWARD O'NEAL, an individual; and KATHLEEN ROBINSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; LINDA THEOBALD, an individual; PROKOPIOS ZIROS, an individual; GUSTAVO RIOS, an individual; CLARK COUNTY, a County existing under the laws of the State of Nevada; NaphCare, Inc., an Alabama Corporation; and DOES through 1 through 25, inclusive; and POE MEDICAL PERSONNEL 1 through 25, inclusive; <br><br> Defendants. | Case No. 2:17-cv-02765-APG-EJY <br><br><br> **ORDER** |

Before the Court is Defendants' Las Vegas Metropolitan Police Department, Linda Theobald, Prokopios Ziros, and Gustavo Rios (collectively the "LVMPD Defendants") Motion for Attorney's Fees Pursuant to the Court's 08/10/2020 Order. ECF No. 78. Also before the Court is Defendants NaphCare and Clark County's (collectively the "NaphCare Defendants") Motion for Attorney's Fees. ECF No. 79.[1] On August 24, 2020, Plaintiff Bryan O'Neal filed a Motion to Extend Time. ECF No. 80. Plaintiff Kathleen Robinson did not file a motion or otherwise respond to Defendants' Motions for Attorney's Fees. On August 25, 2020, the NaphCare Defendants filed a Response to Plaintiff O'Neal's Motion to Extend Time. ECF No. 81. The LVMPD Defendants joined in NaphCare's Response on August 26, 2020. ECF No. 82. On September 1, 2020, Plaintiff O'Neal filed a "Response to LVMPD['s] Response to Plaintiffs [sic] Motion & Motion to Appoint Counsel. ECF Nos. 83 and 84.

---

[1] The LVMPD Defendants and NaphCare Defendants are collectively referenced herein as "Defendants."

1

**DISCUSSION**

1. <u>No Defendant seek Costs And Their Requests For Attorneys' Fees Are Reasonable</u>.

On August 10, 2020, the Court ordered an award of attorney's fees (and costs) incurred by all Defendants for bringing their respective Motion and Joinder to Motion for Case Terminating Sanctions after neither Plaintiff responded to Defendants' filings. ECF No. 77.

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court will] defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993)). When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[2] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the

---

[2] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

1  lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)
2  (internal brackets removed).[3]

3  Here, the rates charged for the LVMPD counsel, $160 an hour, as well as for the paralegal
4  working with such counsel, $90 an hour, are reasonable. The rates charged by counsel for NaphCare
5  ($200/hour for partners and $170/hour for associates) are also reasonable. Specifically, a review of
6  fairly recent case law in this district shows that these rates are below what is ordinarily charged for
7  experienced defense counsel. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC,
8  2015 WL 5286996, at *4-5 (D. Nev. Sept. 10, 2015) (including citation to testimony by a 33 year
9  personal injury practitioner indicating that $400 an hour is reasonable, and rejecting an argument
10 that $165 an hour for an experienced personal injury lawyer should be applied); *Incorp Services,*
11 *Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-01300-GMN-GWF, 2011 WL 3855462,
12 at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is
13 reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface*
14 *Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL
15 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada). The
16 hourly rate charged for paralegal time is also reasonable. *Chemeon Surface Technology*, 2017 WL
17 2434296, at *1. Thus, based on the information before the Court and case law from this district, the
18 Court finds all rates charged by Defendants' counsel are reasonable.

19 With respect to the amount of time billed, "[d]istrict courts possess the necessary discretion
20 to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner
21 not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This
22 includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's*
23 *Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb.
24 26, 2010)), as well as entries on time reports that fail "to delineate what work was performed in each

---

[3] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at*4 (D. Nev. Oct. 16, 2012). Ultimately, it is always the moving party's burden to establish that the fees they seek are reasonable. *Soule*, 2019 WL 3416667, at *1 (citation omitted).

Here, the Motions for Case Terminating Sanctions were extensively briefed, supported by numerous citations to case law, and attached substantial documentation to support the arguments made. The total number of hours spent on these Motions, as well as the joinder thereto, is reasonable. The Court finds no duplication or time that is not otherwise justified.

        2.    <u>Plaintiff O'Neal's Motion For Extension Of Time Is Granted In Part And Denied In Part</u>.

Plaintiff O'Neal's Motion for an Extension of Time is predicated on the alleged representation that he has not had sufficient opportunity to engage new counsel and that COVID-19 is hampering his ability to do so. Plaintiff O'Neal ignores that he has twice before retained counsel to represent him in this matter. *See* Docket, generally. Plaintiff O'Neal's last counsel was allowed to withdraw eight months ago on December 26, 2019. ECF No. 63. This was long before there was a documented COVID-19 case in the United States. It has now been eight months since that Order was issued and Plaintiff O'Neal has not retained counsel. This lengthy period during which Plaintiff could have retained counsel, but did not, strongly supports the conclusion that further delay to allow Plaintiff O'Neil more time to retain counsel is neither justified nor warranted as a matter of law.[4]

---

[4] On Reply, which Plaintiff O'Neal labels a Response, O'Neal also contends that motions to dismiss were rejected by Judge Gordon early in this matter and, for this reason, Plaintiff should be granted an extension of time. ECF No. 83 at 1. Plaintiff O'Neal, the sole party to the Reply, is only partially correct with respect to the outcome of the Motions to Dismiss. *See* ECF No. 31. Further, the order regarding Defendants' Motions to Dismiss was issued long before Plaintiffs failed to respond to Requests for Admissions, depositions were reset multiple times, discovery was continued on numerous occasions, and Plaintiffs engaged in egregious conduct interfering with discovery in this case. *Compare id.* (issued on August 27, 2018) *with* ECF No. 77 (issued on August 10, 2020). The order regarding Defendants' Motion to Dismiss was also long before Plaintiffs did not respond to either LVMPD or NaphCare's Motions for Case Terminating Sanctions. ECF No. 77 at 1. It was only when the Court issued its order to show cause that Plaintiff O'Neal filed a Motion for Extension of Time. *Compare* ECF No. 77 *with* ECF No. 80. Plaintiff O'Neal argues, without any evidence to support the allegations, that defense counsel lied to court, defense counsel are "shady," and that Defendants should be in jail. ECF No. 83. These allegations and representations are not dissimilar to allegations Plaintiff O'Neal has made throughout this litigation—all of which were previously demonstrated to be without merit. *See* ECF No. 77. Plaintiff has had substantial time (now more than eight months), including time before the outbreak of Covid-19, as well as subsequent to the outbreak of the virus, to find counsel. Plaintiff O'Neal has not done so. Plaintiff's arguments do not provide a basis for extending this period any longer.

4

However, although the Court issued its Order to Show Cause on August 10, 2020, giving Plaintiff until August 31, 2020 to demonstrate why case terminating sanctions should not be recommended to the District Judge, and Plaintiff O'Neal has not responded to that order, Plaintiff O'Neal's August 24, 2020 motion seeking an extension of time was filed before the August 31, 2020 deadline. ECF No. 80.  This demonstrates some effort by Plaintiff O'Neal to respond to the Court's Order.  Therefore, the Court grants Plaintiff O'Neal, the sole plaintiff who filed the motion seeking additional time, twenty-one (21) additional days to respond to the Order to Show Cause.

### 3. Plaintiff O'Neal's Request For Appointment of Counsel Is Denied.

At the conclusion of Plaintiff O'Neal's mislabeled Reply he asks the Court to appoint pro bono counsel. ECF No. 84 at 7.  Plaintiff does not state he is unable to afford counsel. *Id.* Plaintiff's statement that "the police stole nearly $200,000," if offered as a financial basis to appoint counsel, is unsupported by any evidence (ECF No. 80 at 1) and belied by the fact that Plaintiff O'Neal has twice before retained counsel to represent him. *See* Docket, generally.  Well settled law establishes that there is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  While 28 U.S.C. § 1915 allows appointment of counsel for an indigent plaintiff, Plaintiff O'Neal does not argue, let alone demonstrate, indigence.  ECF No. 84.  The Court could find no precedent for appointing counsel in a civil matter where a lack of indigence is demonstrated.  For this reason, Plaintiff O'Neal's motion for appointment of counsel is denied.

### 4. Plaintiffs Are Jointly And Severally Liable For Attorneys' Fees.

As explained in some detail in the Court's August 10, 2020 Order (ECF No. 77), Plaintiffs each and together engaged in conduct resulting in the sanctions issued.  Counsel for the Defendants spent substantial time preparing the motions for sanctions, which address Plaintiffs' collective conduct that relates to one set of factually related claims.  "[W]here a plaintiff's claims arise from a common core of facts, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide hours on a claim-by-claim basis.'" *Ally Bank v. Karakasevic*, Case No. 11-cv-00896-YGR (MEJ), 2016 WL 7971245, at \*6 (N.D. Cal. Dec. 19, 2016) (citation and internal quote indentation omitted).  Thus, under the circumstances present here, an award

1  against Plaintiffs jointly and severally accurately reflects their joint responsibility for Defendants'
2  attorney's fees. *Id.*

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that the LVMPD Defendants' Motion for Attorney's Fees (ECF No. 78) is GRANTED in the amount of $4,794.00.

IT IS FURTHER ORDERED that the NaphCare Defendants' Motion for Attorney's Fees (ECF No. 79) is GRANTED in the amount of $6,421.00.

IT IS FURTHER ORDERED that Plaintiffs O'Neal and Robinson are jointly and severally responsible for payment of the attorneys' fees awarded.

IT IS FURTHER ORDERED that Plaintiffs O'Neal and Robinson are to make payment to Defendants within 30 days of the date of this Order unless an objection is filed.

IT IS FURTHER ORDERED that Plaintiff O'Neal's Motion to Extend Time (ECF No. 80) is GRANTED in part and DENIED in PART.

IT IS FURTHER ORDERED that Plaintiff O'Neal is granted an additional twenty-one (21) days, **from September 2, 2020 to September 23, 2020**, to Show Cause why Defendants Naphcare, Inc., Clark County, Linda Theobald, Prokopios Ziros, Gustavo Rios, and Las Vegas Metropolitan Police Department are not entitled to the case terminating sanction. Failure to respond to the Order to Show Cause shall result in a recommendation to the District Judge that this case be dismissed.

IT IS FURTHER ORDERED that Plaintiff Robinson did not move to extend time (*see* ECF No. 80) or otherwise respond to the Order to Show Cause. Therefore, the Court will proceed with a recommendation that case terminating sanction be granted as to Plaintiff Robinson.

IT IS FURTHER ORDERED that Plaintiff O'Neal's Motion to Appoint Counsel (ECF No. 84) is DENIED.

Dated this 2nd day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE