UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN EDWARD O'NEAL, an individual; and KATHLEEN ROBINSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; LINDA THEOBALD, an individual; PROKOPIOS ZIROS, an individual; GUSTAVO RIOS, an individual; CLARK COUNTY, a County existing under the laws of the State of Nevada; NaphCare, Inc., an Alabama Corporation; and DOES through 1 through 25, inclusive; and POE MEDICAL PERSONNEL 1 through 25, inclusive; <br><br> Defendants. | Case No. 2:17-cv-02765-APG-EJY <br><br><br> **REPORT AND RECOMMENDATION** <br><br> Re: Granting Case Terminating Sanctions Set Forth in ECF Nos. 68 and 73 |

## I.   Background

A summary of motion practice and orders issued by the Court over the last five months are important to understanding what leads the Court to the instant Report and Recommendation.

On May 27, 2020, Defendants Clark County and NaphCare, Inc. ("Clark County" or the "Clark County Defendants") filed a Motion for Case-Terminating Sanctions Under F.R.C.P. 37 and for Monetary Sanctions (the "Motion").[1]  On June 3, 2020, Defendants Las Vegas Metropolitan Police Department, Linda Theobald, Prokopios Ziros, and Gustavo Rios (collectively the "LVMPD Defendants")[2] filed a joinder to the Clark County Defendant's Motion.[3]  On August 10, 2020, the Court entered an Order granting in part and denying in part Clark County's Motion and the LVMPD Defendants' joinder.[4]  The Order deemed admitted Clark County's Requests for Admissions served on Plaintiff Bryan O'Neal ("O'Neal"), the LVMPD Defendants' Second Set of Requests for

---

[1] ECF No. 68.
[2] The LVMPD Defendants and Clark County Defendants are collectively referred to herein as the "Defendants."
[3] ECF No. 73.
[4] ECF No. 77.

1

Admissions served on O'Neal, and the LVMPD Defendants' First Set of Requests for Admissions served on Plaintiff Kathleen Robinson ("Robinson").  The Court's August 10, 2020 Order also awarded reasonable attorneys' fees and costs to Defendants.  The Court did not enter an order granting case-terminating sanctions, but instead entered an Order to Show Cause why Defendants were not entitled to such sanctions.[5]  A response to the OSC was due from Plaintiffs no later than August 31, 2020.  The Order advised Plaintiffs that failure to timely respond to the OSC would "result in a recommendation to the District Judge that this case be dismissed."[6]

On August 19, 2020, Defendants filed motions for attorneys' fees.[7]  On August 24, 2020, O'Neal filed a Motion to Extend Time.[8]  Robinson did not file a motion or otherwise respond to the Order to Show Cause.[9]  On September 2, 2020, the Court entered an Order granting Defendants' attorneys' fees, and granted in part and denied in part O'Neal's Motion to Extend Time.[10]  As explained in the September 2, 2020 Order, O'Neal's Motion to Extend Time was predicated on the notion that he had insufficient time to engage new counsel, and a request that the Court appoint him counsel.[11]  O'Neal's contention regarding insufficient time to retain counsel was rejected by the Court given that he had twice previously retained counsel, with the second counsel withdrawing eight months prior to O'Neal's request to extend time.[12]  Thus, the Court found that O'Neal had sufficient time to retain new counsel, but failed do so.[13]  O'Neal's request for appointment of counsel was denied because O'Neal failed to state he was unable to afford counsel and there is no constitutional right to counsel in a civil case.[14]  The Court ordered O'Neal and Robinson jointly and severally liable for attorneys' fees and granted O'Neal's request for an extension of time through and including September 23, 2020 to respond to the Order to Show Cause.[15]  The Court reasoned that O'Neal had made some effort to respond to the OSC and, given the seriousness of the potential

---

[5] The Order to Show cause is, at times, referred to herein as the "OSC."
[6] *Id*. at 7.
[7] ECF Nos. 78 and 79.
[8] ECF No. 80.
[9] *See* Docket, generally.
[10] ECF No. 85.
[11] *Id*.
[12] *Id*. at 4.
[13] *Id*.
[14] *Id*. at 5.
[15] *Id*. at 5-6.

2

sanction, the Court sought to ensure O'Neal had ample time to respond.[16] Finally, the Court ordered that a Report and Recommendation would be issued as to Robinson.[17] The Court's Order stated an intent to recommend a dismissal of Robinson's case.[18]

On September 9, 2020, O'Neal and Robinson filed an appeal of the Court's September 2, 2020 Order.[19] On October 29, 2020, District Judge Andrew P. Gordon affirmed the undersigned's Order and denied Plaintiffs' appeal.[20]

**II.   Analysis**

The Court summarized and discussed Plaintiffs' outrageous and willful conduct in its August 10, 2020 Order.[21] As explained in that Order, the Court had not previously issued sanctions or warned Plaintiffs that case dispositive sanctions could issue if they failed to respond to or otherwise participate in discovery. Therefore, and despite Plaintiffs' well-documented disruptive conduct, the Court ordered less drastic sanctions and the OSC as an initial step.[22] Robinson never responded to the OSC; although, she did, ultimately, object to the Court's Order granting attorneys' fees.[23] What Robinson did not do is demonstrate any intention to participate in discovery or otherwise evidence a reason that case dispositive sanctions should not be granted.[24] Likewise, while O'Neal responded to the award of attorneys' fees and OSC by seeking an extension of time, he never responded to the substance of the OSC or demonstrated any intent to participate in discovery.[25]

Reiterating the standard stated in the Court's August 10, 2020 Order, the Ninth Circuit uses a five factor test to determine if case terminating sanctions are appropriate under Rule 37(b)(2)(A)(v).[26] These five factors include: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

---

[16]   *Id*.
[17]   *Id*. at 6.
[18]   *Id.*
[19]   ECF No. 88.
[20]   ECF No. 92.
[21]   ECF No. 77 at 1-5.
[22]   *Id*. at 7.
[23]   ECF No. 88.
[24]   *Id*.
[25]   ECF Nos. 80 and 88.
[26]   *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[27]  The fifth factor has three subparts including: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[28]  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal."[29]  Before the Court orders dismissal as a sanction, the party's violations of a court's orders must be willful or in bad faith.[30]

The five factor test is not a mechanical one.[31]  Instead, the purpose of the five factors is to provide "the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow …."[32]  Here, there is no doubt that Plaintiffs substantially delayed and interfered with the expeditious resolution of this case, which, in turn, interfered with the Court's ability to manage its docket.  Plaintiffs' willful conduct and bad faith behavior caused prejudice to Defendants through repeated delays, verbal abuse, and non-responsiveness to discovery.  As stated on August 10, 2020, "the strength of the evidence regarding these factors warrants dismissal."[33]  Indeed, while courts always prefer disposition of a case on its merits, in this case the facts weigh heavily against this factor.[34]

Considering the five factors above, the Court issued lesser sanctions (an award of attorneys' fees), and an Order to Show Cause warning Plaintiffs that failure to respond to the OSC would result in a recommendation to issue case-terminating sanctions.[35]  At the risk of redundancy, neither O'Neal nor Robinson responded to the OSC indicating an intention or willingness to participate in

---

[27] *Id*. (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987)).
[28] *Id*. (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F. 3d 1051, 1057 (9th Cir. 1998).
[29] *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788, (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) with internal quotation and ellipsis omitted)).
[30] *Id*. (citing *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)).
[31] *Connecticut General Life*, 482 F.3d at 1096
[32] *Id*.
[33] ECF No. 77 at 4.
[34] *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[w]e have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal") (internal citation omitted).
[35] ECF No. 77 at 7.

discovery such that they would disclose facts or that any facts would be made available for testing by Defendants. As explained in *In re Phenylpropanolamine*:

> [A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, we have also recognized that this factor "lends little support" to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.[36]

For this reason, "[w]here a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate."[37]

Plaintiffs' well documented, repeated, egregious conduct, together with their failure to substantively respond to the OSC or indicate an intent or willingness to participate in discovery in good faith, leads the Court to find that there is no assurance that the integrity of the judicial process would be fulfilled if the case proceeds on its merits. In fact, all the evidence is to the contrary. The Court also finds that Plaintiffs' conduct throughout the proceedings in this case has been in bad faith.

## III.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that in accordance with the Order to Show Cause issued on August 10, 2020 (ECF No. 77), the extension granted by the Court to Bryan Edward O'Neal to respond to the Order to Show Cause issued on September 2, 2020 (ECF No. 85), and that neither Plaintiff responded substantively to the OSC or demonstrated an intent to participate in discovery, the Court recommends this case be dismissed with prejudice.

Dated this 3rd day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[36] 460 F.3d at 1228 (internal citations omitted).
[37] *Connecticut General Life*, 482 F.3d at 1097 (internal citation omitted).

5

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).